Alan D. Smith, WSBA No. 24964                          E-Filed 2/25/2008
Brian A. Jennings, WSBA No. 32509
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, WA  98101-3099
Telephone:  (206) 359-8000
Facsimile:   (206) 359-9000
Email:    ADSmith@perkinscoie.com
              BJennings@perkinscoie.com
Attorneys for Debtors and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>PTI HOLDING CORP., a Nevada corporation,<br><br>Debtors. | Case Nos. 06-50140 through 06-50146<br>Administratively consolidated under:<br><br>CASE NO. 06-50140<br><br>FOURTH AND FINAL APPLICATION OF PERKINS COIE LLP FOR PAYMENT OF ATTORNEY FEES AND COSTS<br><br>Hearing Date:      March 18, 2007<br>Hearing Time:      2:00 p.m. |

Pursuant to 11 U.S.C. § 331, Fed. R. Bankr. P. 2016, and Local Bankruptcy Rule 2016,

Perkins Coie LLP ("Perkins Coie" or the "Firm"), general bankruptcy counsel to PTI Holding

Corp. and its affiliates that are Debtors and Debtor-in-Possession in these proceedings

(collectively, "Debtors")[1], hereby applies to the Court for entry of an order (a) allowing fees and

---

[1] The Debtors include PTI Holding Corp., Homestead Holdings, Inc., The Mounger Corporation, Pacific Trail, Inc., PTI Top Company, Inc., London Fog Group, Inc., and The Scranton Outlet Corp.

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

60845-0007/LEGAL14004405.1

expenses that already have been paid pursuant to the Court's *Administrative Order Establishing Procedures for Provisional Payment of Compensation and Expenses of Professionals and Committee Members* entered June 9, 2006 (the "Administrative Order"), (b) allowing, and authorizing the payment of, fees and expenses incurred prior to the Confirmation Date that have been billed but have not yet been paid, and (c) allowing, and authorizing the payment of, all of the fees and expenses incurred in the case on a final basis.

## I.    INTRODUCTION

Perkins Coie was employed as Chapter 11 counsel to the Debtors pursuant to the Court's Order Authorizing Employment of Perkins Coie as Debtors' General Bankruptcy Counsel entered by the Court on April 26, 2006.  The Administrative Order approved payment of 80% of professional fees and 100% of the costs incurred on a monthly basis, subject to the Court's final approval of all fees and disbursements.  The *Joint Liquidating Plan Of Reorganization* (the "Plan"), confirmed by the Court's *Order Confirming Joint Liquidating Plan Of Reorganization* (the "Confirmation Order") filed January 8, 2008 (the "Confirmation Date"), requires that applications for approval of interim payments and any additional fees and costs be presented to the Court via final fee applications to cover all Professional Fees incurred prior to the Confirmation Date ("Final Fee Applications").

In addition to the Administrative Order, the Court has entered three interim Orders on October 24, 2006, April 20, 2007, and November 19, 2007, allowing fees and expenses incurred by Perkins Coie for the period March 20, 2006 through August 31, 2007 (the "Interim Orders"). The Firm's First, Second and Third Interim Fee Applications set forth detailed descriptions of the legal services provided and summaries of the fees and costs incurred in representing Debtors during that period.  All of the fees and expenses covered by the Interim Orders, totaling

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

$1,750,451.78, consisting of $1,683,284.80 in fees and $67,166.98 in expenses, have been paid. The Firm requests final approval of those fees and costs.

In addition to requesting final approval of amounts covered by the Interim Orders, this Final Fee Application requests allowance of $293,120.75 in fees and $8,967.34 in expenses, for a total of $302,088.09, incurred during the period from September 1, 2007 through January 8, 2008, for which no previous request for approval has been made, as summarized in the following table:

| **Month** | **Fees Billed** | **Costs Billed** | **Payment Received** | **Unpaid Balance** |
|---|---|---|---|---|
| September | $96,519.00 | $1,602.33 | $0.00 | $98,121.33 |
| October | $94,830.50 | $3,602.38 | $0.00 | $98,432.88 |
| November | $46,208.00 | $2,258.82 | $0.00 | $48,466.82 |
| December | $46,690.75 | $502.19 | $0.00 | $47,192.94 |
| January | $23,872.50 | $1,001.62 | $0.00 | $24,874.12 |
| (Reduction – see § IV) | ($15,000.00) | -- | -- | ($15,000.00) |
| **TOTALS** | $293,120.75 | $8,967.34 | $0.00 | $302,088.09 |

Accordingly, Perkins Coie files this Final Fee Application seeking (i) Court approval and final allowance of the $1,750,451.78 in fees and expenses approved and paid pursuant to the Interim Orders, and (ii) final allowance of, and authorization for the payment of, the $302,088.09 incurred prior to the Confirmation Date that has been billed but has not yet been paid to the Firm.

## II.   SUMMARY OF SERVICES PROVIDED

The legal services covered by this Final Fee Application have been segregated into 25 separate billing categories developed in accordance with the guidelines promulgated by the

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 3

60845-0007/LEGAL14004405.1

Office of the United States Trustee.  It is worthwhile to note that the allocation of services to a particular category is a subjective decision, and that reasonable minds could sometimes disagree as to which category a particular service could or should have been allocated.  As part of the independent billing judgment review noted below, the Firm has made a concerted good-faith effort to bring together all related services into consistent billing categories.  Nevertheless, there may be instances in which parties reviewing this Application might not agree with the manner in which costs or services have been categorized.  Such objections should not be confused with objections to the allowance of the fees or costs themselves.

The cost of legal services provided by Perkins Coie during the period of this Application, including timekeeper fee detail, is summarized by category matter number on Exhibit A to this Application.  The daily descriptions of services provided and the list of costs incurred are set forth in detail on Exhibit B.  Biographical information and hourly rates for the lawyers and paralegals principally involved in the Debtors' matters are attached as Exhibit C, and a schedule of professionals employed by Debtors is attached as Exhibit D.  Finally, Exhibit E is a schedule of all matters covering each of the four application periods, with grand totals of services rendered.

The following is a brief summary of the significant services provided by Perkins Coie in each billing category during the Final Fee Application period.

## A.    Matter 0001 – General Case Administration

During this final pre-confirmation period, Perkins Coie continued to provide services in connection with general administration of the bankruptcy case, including identifying outstanding issues and preparing and updating "loose end" status reports; and following up on assorted items such as computer security issues, bank accounts, file storage, insurance policy coverage and various other miscellaneous issues.

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 4

60845-0007/LEGAL14004405.1

Perkins Coie provided services valued at $6,721.50 and incurred costs of $3,204.64 in connection with this matter.  Legal services in this category were provided primarily by Al Smith.  As a matter of administrative convenience, a number of disbursements were billed to this category when not specifically identified as relating to another category.

**B.      Matter 0002 – Asset Analysis and Recovery (Sale)**

The Firm provided services in this category related to termination of outstanding customs bonds so that cash collateral backstopping the bonds could be released, including legal research and preparation of documents needed for that termination and release.

Perkins Coie provided services valued at $4,153.00 and incurred costs of $267.02 in connection with this matter.  Legal services in this category were provided primarily by Chain Wu and Al Smith.

**C.      Matter 0003 – Asset Disposition**

The Firm provided services in this category regarding various patent rights, responding to a collection letter from Li & Fung, and dealing with a DDJ stock question.

Perkins Coie provided services valued at $544.50 in connection with this matter.  Legal services were provided by Al Smith.

**D.      Matter 0004 – Business Operations**

Services during this period focused on communicating with the London Fog board of directors on various issues arising during this period, many of which related to the plan.

Services valued at $1,782.00 were provided in connection with this matter and were provided by Al Smith.

**E.      Matter 0005 – Claims Administration and Objection**

During this period the Firm continued work on claims tracking, claims analysis, claims resolution and objections to claims.  Debtors worked with the Committee to file a Fourth

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

60845-0007/LEGAL14004405.1

Omnibus Objection to Claims, which resulted in orders resolving numerous claims, and many other claims were negotiated and settled. In addition, the Firm prepared, modified for various purposes, and updated on a number of occasions claims payment schedules, and otherwise prepared for distributions to creditors. While there have not yet been any distributions to general unsecured creditors, the systems are in place to do so on short notice.

Ultimately, the only claims remaining unresolved at the time of plan confirmation are Kesri, Arshad, Jintex, Liquidity Solutions, Inc. (regarding a schedule claim formerly held by Sarah Laird, Inc.), and Broome & Wellington, all of which remain in litigation.

Legal services valued at $55,247.00 and costs of $691.59 were incurred in connection with this matter. Services in this category were provided primarily by Al Smith and Mary Lou Maag.

**F.    Matter 0006 – Employee Benefits/Severance**

During this period the Firm followed up on issues regarding pension plan legal requirements and Form 5500 filings.

Services valued at $909.00 were provided Kurt Linsenmayer and Harry Schneider.

**G.    Matter 0007– Fee/Employment Applications**

Perkins Coie prepared its own Third Interim Fee Application during this period, but the focus of Perkins Coie's services was on assisting other professionals with fee applications and other aspects of the fee process. The Firm worked with the client and all employed professionals to track fees and payments, to file monthly invoices on behalf of professionals employed by Debtors, and to ensure filing of other professional monthly invoices.

The Firm prepared and filed the applications of Osborne Clarke and Cowan Liebowitz & Latman; drafted, filed and served notice of the fee application hearing; worked with other professionals to ensure they were aware of all upcoming deadlines and requirements; participated

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 6

60845-0007/LEGAL14004405.1

in the hearing on fee applications; drafted and filed orders authorizing payment of interim fees; and assisted Debtors with preparation for payment of professional fees, including preparation of spreadsheets and other tracking devices.

Perkins Coie also prepared supplemental pleadings requesting authorization of the employment of Osborne Clarke, which had been orally granted some time ago but the order was not entered until this application period.

Services valued at $20,461.50 and costs of $160.27 were incurred in connection with this matter. Services were provided primarily by Mary Lou Maag.

**H.    Matter 0008 – Fee/Employment Objections**

In this category, the Firm followed up issues related to Beesley claims. Services valued at $495.00 were provided by Al Smith. This time could have been recorded in Matter -0009 rather than in Matter -0008.

**I.    Matter 0009 - Financing**

No services were provided in this matter during this period.

**J.    Matter 0010 – Litigation General**

During this period work in this category focused on the Kesri claim. Perkins Coie researched issues relating to the dispute with Kesri and worked with Debtors to develop strategy to deal with Kesri and its claims. The Firm prepared and filed a motion to enforce the automatic stay, attended the motion hearings, and drafted and submitted followup orders, including dealing with Kesri's objections to the form of the first order.

Debtors sought and worked with Indian counsel regarding Indian law and strategy. The Firm prepared and filed a motion to impose sanctions against Kesri and drafted an order regarding permanent injunction against Kesri. An additional hearing was held. Kesri did not appear, and the Firm prepared and filed the resulting order.

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

60845-0007/LEGAL14004405.1

Legal services valued at $28,049.00 and costs of $875.13 were incurred in connection with this matter.  Services were provided primarily by Al Smith and Brian Jennings.

**K.     Matter 0011 – Creditor Communications**

Services in this category related to communications with various creditors who had questions about the status of the bankruptcy process, requests for plan documents, and the Firm's responses to those requests, as well as working with the Committee on various pending issues including claims analyses and the Jintex, Arshad, Broome and Wellington, and Greenstein claims.

Perkins Coie provided services valued at $4,662.00 and incurred costs of $0.79 in connection with this matter.  Services were provided primarily by Al Smith and Mary Lou Maag.

**L.     Matter 0012 – Plan and Disclosure Statement**

During this period Perkins Coie worked with the Committee and the Debtors on developing, drafting and finalizing the disclosure statement and proposed plan, along with related motion to approve disclosure statement and solicitation procedures, ballots and balloting instructions, disclosure statement exhibits, notice of voting/ nonvoting status, and notice of hearing on confirmation.  Systems for tracking requests for plan documents and ballots were developed.

Arshad and Jintex filed a motion to substantively consolidate and opposed plan confirmation.  Debtors researched and filed pleadings opposing those requests.  This category also contains the multiplicity of other proceedings in which Jintex and Arshad are disputing various aspects of the plan process and in which the estates are disputing various aspects of the Jintex and Arshad claims.  While the Committee is taking the lead on the direct litigation with Jintex and Arshad, the Firm has continued to be active on behalf of the Debtors in connection with many of those matters.  [In retrospect, the Firm could have opened another matter limited to

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 8

60845-0007/LEGAL14004405.1

disputes with Jintex and Arshad, but when those disputes first came to light they appeared to be primarily plan related and there simply has never been a time at which a sharp dividing line appeared – so the time has continued to be billed to this category.]

Following the disclosure statement hearing on October 30, the Firm and Committee filed an amended disclosure statement.  The solicitation package was distributed and Perkins Coie tracked the balloting process and otherwise prepared for confirmation.

The plan was confirmed at a hearing held December 13.  The Firm drafted findings of fact, conclusions of law and orders.

Services valued at $121,337.50 were provided and costs of $3,165.20 were incurred and were provided primarily by Al Smith, Brian Jennings and Mary Lou Maag..

**M.    Matter 0013 – Relief from Stay Proceedings**

No services were provided in this matter during this period.

**N.    Matter 0014 – Tax Issues**

No services were provided in this matter during this period.

**O.    Matter 0015 – Valuation Issues**

No services were provided in this matter during this period.

**P.    Matter 0016 – General Corporate**

The Firm prepared a name change history.  Services valued at $76.50 were incurred in connection with this matter and were provided by Susan Tookey.

**Q.    Matter 0017 – Licenses**

The Firm advised Debtors with respect to the Bilhuber claim and foreign correspondent firms.  Legal services valued at $198.00 were provided by Al Smith.

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

60845-0007/LEGAL14004405.1

**R.      Matter 0018 – Landlord/ Tenant**

No services were provided in this matter during this period.

**S.      Matter 0019 – Broome & Wellington**

Litigation initiated by Broome & Wellington against Homestead in England continued during this period. Early in the period settlement discussions took place but were not consummated. Therefore, that litigation unfortunately continued unabated, requiring considerable assistance from the Firm as well as significant expense in the UK. The Firm worked with Homestead, the Committee and UK counsel to prepare Homestead's statement of defense, supporting witness statements, and attachments to the foregoing. The Firm worked with Homestead and UK counsel to analyze, prepare and revise commentary on B&W's claim spreadsheet to support the Toland witness statement, which document essentially constituted Homestead's response to Broome & Wellington's accounting of amounts claimed to be due.

Services valued at $22,373.00 and costs of $228.92 were incurred in connection with this matter. Services during this period were provided primarily by Al Smith and Mary Lou Maag.

As described in the Third Interim Application, as a result of an apparent miscommunication between Debtors and counsel, including the Firm, a default was entered in the UK Action. Broome & Wellington refused to stipulate to vacate that default. As a result, the Firm and Osborne Clarke, UK counsel, had to spend time and money in moving to vacate the default which otherwise would not have been necessary.

It is very difficult to determine how much was expended in vacating the default, because one of the critical elements of a motion to vacate is demonstrating the existence of a valid defense to the claim. The great majority of the Firm's and Osborne Clarke's work during that period, though nominally in connection with the default, was work that was required to defend

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

the claim in any event.[2]  Under English practice, a "Statement of Defence" – not too different from an answer to complaint in U.S. practice – is required to be filed; it was that document and supporting papers that consumed the bulk of time during that period.  While the document was actually first filed in support of the motion to vacate default, it would have been filed in essentially the same form at about the same time.

The undersigned has eyeballed the services rendered by Perkins Coie during that period and estimates that approximately $7,000.00 or $8,000.00 was expended in connection with default matters that would NOT have been incurred absent the default.  In addition, Osborne Clarke expended time on preparing relief from default pleadings and other matters relating to the default.  The Firm does not believe that Osborne Clarke was responsible for any aspect of the default and should not be penalized.  While the situation is complex, the Firm is prepared to accept responsibility for a portion of the expense that was incurred relating to the default.  Accordingly, the Firm reviewed its fees and costs under this matter according with its practices described under the heading "Independent Billing Judgment and Cost Recovery Policies" below.  Considering the amount of fees incurred compared with the amounts in dispute, the Firm has voluntarily reduced its fees by $10,000.00 (which amount is included in the total reductions described in section IV below).  After such reduction the fees and costs requested are $12,373.00 and $228.92 respectively.

---

[2] After conclusion of the application period, Debtors filed a motion requesting authority to cease defense of the Broome & Wellington claim.  The motion is scheduled to be heard February 28, 2008.  Whatever the outcome of that motion, it cannot affect the absolute necessity to defend the B&W claim in the earlier stages when there was a massive claim asserted against Homestead and an open issue as to whether Homestead would be consolidated with the Plan Debtors.  The motion is based not on any perceived weakness in the defense – only on the fact that there is no longer any need to defend if a large claim will not affect other creditors.

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

60845-0007/LEGAL14004405.1

**T.      Matter 0020 – H.W. Baker Linen**

No services were provided in this matter during this period.

**U.      Matter 0021 - Ryka**

No services were provided in this matter during this period.

**V.      Matter 022 – London Fog v. Kohl's**

During the last period, after research and consultation with Debtors, the Firm filed an adversary proceeding against Kohl's for turnover of property and for damages; Kohl's filed a motion to transfer venue; and the Court entered an order transferring the adversary proceeding to the Eastern District of Wisconsin.  The matter was transferred to the Wisconsin Bankruptcy Court, which notified Perkins Coie that the case would be transferred to Wisconsin District Court.  The transfer to District Court took place, but no attorney or paralegal at the Firm, and no one at London Fog, ever received notice either of the transfer or of a deadline by which action was required.  The matter was dismissed by the Court without further prior notice.

When the Firm learned that the case had been dismissed, it prepared and filed a petition for reinstatement with supporting declarations.  To date the District Court has not acted on the petition for reinstatement, despite Kohl's failure to oppose the petition.

Services valued at $16,274.00 and costs of $367.73 were incurred in connection with this matter and were provided primarily by Harry Schneider and Laurence Oleksa.

Although the Firm does not believe that it is responsible in any way for the failure to receive notice of the proposed dismissal, the Firm acknowledges that the services required to reinstate the complaint – while beneficial to the estate – should not have been necessary. Therefore, the Firm reviewed its fees and costs under this matter according with its practices described under the heading "Independent Billing Judgment and Cost Recovery Policies" below. Considering the amount of fees incurred compared with the amounts in dispute and the early

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

stage of litigation, the Firm has voluntarily reduced its fees by $5,000.00 (which amount is included in the total reductions described in section IV below).  After such reduction the fees and costs requested are $11,274.00 and $363.73 respectively.

**W.      Matter 023 – Outerwear Design International**

During this period the Firm worked with counsel for ODI and agreed to convert the contested claim into an adversary proceeding.  The Firm prepared discovery requests and counterclaims.  Settlement discussions ensued and appear to have been successful.  A form of order approving the settlement is circulating.

Services valued at $7,005.00 and costs of $2.56 were incurred in connection with this matter.  Legal services were provided primarily by Will Rava.

**X.      Matter 024 – PBGC v. London Fog**

Near the end of the last application period, PBGC filed a complaint against Debtors in connection with termination of the ERISA plan.  During this period the Firm drafted an answer to the complaint, and settlement negotiations were undertaken covering both termination issues and the more global issues relating to PBGC's claim in the bankruptcy.  After considerable effort on the part of PBGC, Debtors, and the Committee, a settlement was reached.  The Firm drafted the settlement agreement and motion for approval of settlement.

Services valued at $16,694.75 and costs of $3.49 were incurred in connection with this matter.  Legal services were provided primarily by Brian Jennings, Harry Schneider and Al Smith.

**Y.      Matter 025 – HHI v. Cubanita's**

Following work with Cubanita's counsel and counsel for a third party defendant to draft and file the discovery plan and attend the status conference regarding discovery issues and trial scheduling, the Firm's representation in this matter turned to planning for settlement

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

60845-0007/LEGAL14004405.1

negotiations.  The Firm has been negotiating with Cubanita's counsel, but no settlement agreement has yet been reached.

Legal services valued at $1,137.50 were provided in connection with this matter and were provided primarily by Brian Jennings.

## III.        STATUS OF CASE AND SOURCE OF PAYMENT

Until the Effective Date of the Plan, January 22, 2008, Debtors continued to operate their businesses as debtors and debtors-in-possession under Sections 1107(a) and 1108(b) of the Bankruptcy Code.  Upon confirmation, the six Debtors to which the Plan applied (all but Homestead Holdings, Inc. ("Homestead")) ceased being debtors-in-possession and became postconfirmation reorganized debtors under the control of Marv Toland as Disbursing Agent, subject to consultation on most significant issues with the postconfirmation Committee.  Prior to preparation and confirmation of the Plan, Debtors sold essentially all of their operating assets, including trademarks related to the London Fog and Pacific Trail brands and the inventory that is in Debtors' factory outlet stores as well as the Homestead business.

In the first days of the case, Debtors secured DIP financing from their prepetition senior secured lender Wachovia Bank, N.A., and entered into a cash collateral stipulation with its junior secured lender DDJ Capital Management, LLC, as Agent.  Debtors have repaid both Wachovia and DDJ in full (including a settlement with DDJ that reduced its claims to a certain extent).  After paying off all known secured claims, Debtors have on hand over $5,000,000 in cash (although certain of those funds are in the Firm's trust account and/or required to be reserved for specific purposes, such as Jintex and Arshad and professional fees).  Perkins Coie is confident that Debtors are able to pay the amounts requested in this application.

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

## IV.    INDEPENDENT BILLING JUDGMENT AND COST RECOVERY POLICIES

Using Perkins Coie's ordinary billing rates as approved by the Court, the total amount of fees included in this application is $293,120.75, at a composite hourly rate of $355.60.  In preparing its application, however, Perkins Coie must also exercise independent billing judgment to determine whether increases or reductions in the amount charged to the Debtors' bankruptcy estates are warranted.  See Hensley v. Eckerhardt, 641 U.S. 424, 434 (1983).

Perkins Coie has carefully considered the fees and disbursements requested in this Final Fee Application and believes that overall the fees and costs incurred herein are reasonable and appropriate in light of the nature, size and complexity of this case.  Perkins Coie also acknowledges that it is appropriate to exercise independent billing judgment and to review all fees and costs incurred to ensure that any inefficiencies, duplications of effort, non-productive time and unnecessary charges are deleted from the bill.  Such reductions are based on the Firm's recognition that, while the time and disbursements were incurred as indicated, all such efforts perhaps did not benefit Debtors to the full extent of the amount that would normally be invoiced.  Rather than asserting an aggressive position in this area, Perkins Coie carefully reviewed all time entries and has written off or written down a total of over $1,500 in fees relating to the matters listed above.  This voluntary reduction represents approximately 7 hours of legal time devoted to this case for which the estate has not been and will not be charged.  Those amounts were written off prior to preparation of any of the invoices sent to the client.

In addition, as noted in more detail above, for reasons specific to two particular matters (Broome & Wellington and Kohl's), the Firm has determined it is appropriate to write off an additional $15,000.00 in amounts originally included within the invoices sent to the client.

The Firm's cost recovery policies are designed only to recover actual out-of-pocket expenses and not to make a profit on disbursements.  For example, the Firm does not charge a

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

"per page" fee for either sending or receiving faxes; fax charges shown on Exhibit B are the actual costs of long distance charged by the telephone company for each fax, without mark-up or service fees. The Firm's in-house photocopy and printing charges are recorded at $0.10 per page, which reflects the Firm's reasonable estimate of allocable copy machine costs. The costs for outside services, such as postage, messenger services, photocopy and mailing services, etc. are passed through to the client and billed at the same rate as the provider has invoiced the Firm, without mark-up or additional service fees. Overnight and express mail services are utilized only when the relevant time constraints justify the added cost. As with the costs of other outside services, overnight and express mail charges are passed through to clients without mark-up or additional service charges. Computer research charges are also passed through to clients, but clients benefit from the Firm's annual volume discount contract with Westlaw, which usually amounts to a reduction of approximately 50% from regular charges.

## V.    SUMMARY OF FEES AND COSTS

After exercising its independent billing judgment, Perkins Coie seeks allowance of $293,120.75 in fees and reimbursement of $8,967.34 in costs for a total of $302,088.89 for the period between September 1, 2007 and January 8, 2008. No payments have been made as of the date of this Final Fee Application.

Perkins Coie also seeks approval and allowance of the $1,683,284.80 in fees and $67,166.98 in expenses, for a total of $1,750,451.78 that the Firm has been paid on an interim basis for the period from March 20, 2006 through August 31, 2007.

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

60845-0007/LEGAL14004405.1

DATED:  February 25, 2008.

**PERKINS COIE LLP**


By  /s/ Alan D. Smith
      Alan D. Smith, WSBA #24964
      Brian A. Jennings, WSBA #32509
Attorneys for Debtors and Debtors-in-Possession

FOURTH AND FINAL APPLICATION OF
PERKINS COIE LLP FOR PAYMENT OF
ATTORNEY FEES AND COSTS - 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

60845-0007/LEGAL14004405.1